SHELDON J. SCHECTER *et al.*, Plaintiffs-Appellants, v. ASSOCIATES FINANCE, INC., Defendant-Appellee (Robert Thomas & Associates *et al.*, Defendants).

First District (5th Division)  No. 84—0529

Opinion filed June 27, 1986.—Rehearing denied November 7, 1986.

Albert Koretsky, of DiMonte & Lizak, of Chicago, for appellants.

Arvey, Hodes, Costello & Burman, of Chicago, for appellees.

JUSTICE PINCHAM delivered the opinion of the court:
This cause of action was filed by plaintiffs pursuant to the Federal Truth in Lending Act (15 U.S.C.A. sec. 1601 *et seq.* (West 1982)) (Act) to rescind a consumer credit transaction in which defendant Associates Finance, Inc. (Associates), acquired a security interest in plaintiffs' home. Plaintiffs also sought damages and attorney fees.

In March 1980, plaintiffs negotiated for a loan with defendant Robert E. Anderson (Anderson). Anderson also did business as, or was in some way connected with, defendant Robert Thomas & Associates (Thomas). It was agreed that plaintiffs would receive a $15,000 loan from Anderson to satisfy their default in their first mortgage-loan payments and to pay off their personal bills. In exchange, plaintiffs agreed to sign a promissory note and second mortgage "as directed" by Anderson. Plaintiffs also signed a deed in trust which conveyed their residential real estate to the Palatine National Bank as trustee.

On August 5, 1980, the credit transaction was consummated and plaintiffs received the balance of the $15,000 loan. They signed a third note and security agreement payable to the order of Thomas, which stated that the loan was for $16,200 instead of $15,000. The note and security agreement did not disclose the nature of the additional $1,200 or the annual percentage rate of the loan. Plaintiffs were not given any notice that they had the right to rescind the transaction pursuant to the Truth in Lending Act (15 U.S.C.A. sec. 1635 (West 1982)).

Defendant Associates Finance, Inc., is a financial-services company. In addition to lending money to consumers for personal use, Associates also has a business-loan program in which it makes loans to individuals for business purposes. The business-loan program requires

that as security for a loan, Associates obtain a mortgage or assignment of the beneficial interest in a land trust. Business loans, including those purchased by Associates from others, must be documented with evidence that the proceeds of the loan will be used for business purposes.

On September 11, 1980, Associates purchased plaintiffs' note from Thomas, along with eight notes of other borrowers. The agreement between Associates and Thomas provided for the sale and assignment of all of the notes and security instruments and stated that "each contract complies with the Federal Consumer Credit Protection Act and regulations thereunder." After Associates purchased plaintiffs' note from Thomas, beginning September 1980, plaintiffs made monthly payments on the note to Associates.

In July 1983, plaintiffs mailed a notice of rescission to Associates and Thomas to cancel the loan transaction between plaintiffs and Thomas. Plaintiffs also filed a complaint in the circuit court of Cook County for rescission of the note and security agreement they had signed and for damages. The defendants were Associates, Thomas, Anderson, Palatine National Bank and First Arlington National Bank. Plaintiffs sought relief under the Truth in Lending Act.

Plaintiffs alleged in their complaint, *inter alia*, that (1) they did not know that the deed they had signed conveyed title to their residential real estate to Palatine National Bank; (2) Anderson, as beneficiary of the land trust, had directed the Palatine National Bank to convey plaintiffs' residential real estate to Anderson, who in turn executed another deed in trust which conveyed the real estate to the First Arlington National Bank as trustee; and (3) Anderson assigned the beneficial interest in the trust at the First Arlington National Bank to Associates as collateral security for plaintiffs' note and security agreement.

In response, Associates filed a motion to dismiss plaintiffs' complaint and a memorandum of law in support thereof. Associates contended that plaintiffs could not rescind the transaction because the loan was for a business purpose as shown by a business-purpose statement plaintiffs signed, that if the Truth in Lending Act was applicable, plaintiffs' claim for damages and attorney fees was barred by the Act's one-year statute of limitation, and that as a purchaser of plaintiffs' note, Associates was not liable to plaintiffs. Associates' memorandum of law included, as exhibits, a deed in trust from plaintiffs to the Palatine National Bank as trustee and the affidavit of Albert Vasil, vice-president of Associates, which explained the nature of his company's business. Vasil's affidavit stated that the purpose of the

loan to plaintiffs was "solely for the purpose of carring [*sic*] on Sheldon Schecter's business *** and that *** the proceeds will be used for such purpose and for no other." Associates submitted an unnotarized business-purpose affidavit which, Associates alleged, plaintiffs had signed.

Plaintiffs' memorandum in opposition to Associates' motion to dismiss alleged that their loan from Thomas was not exempt from the disclosure requirements of the Act because plaintiffs never signed a business-purpose statement. Plaintiffs also submitted an affidavit which stated that the signatures on the business-purpose "affidavit" were forgeries. Associates' reply memorandum refuted these allegations.

The trial court granted Associates' motion to dismiss and stated:

"For a rescission to be applicable here, it seems that the court has to be able, from the face of the material before it, to be able to place Associates in the same issues as Robert Thomas & Associates. There is nothing in the papers that indicates that the transaction between Robert Thomas & Associates and the defendant, Associates Finance, was anything other than an arms' length deal. There is nothing here to indicate that Associates Finance and Anderson was merely a conduit to make the loans for Associates.

The right of rescission in cases such as this apply only if Associates has a duty to make a disclosure to these plaintiffs. And clearly, there is no duty running from Associates to the plaintiffs to make any disclosures because they are remote from the plaintiffs. From the face of the documents that Associates received from Robert Anderson or Robert Thomas & Associates, those documents tell Associates Finance that the loan is for a business purpose. Those papers in no way alert Associates Finance, the defendant here, that there was a transaction covered by the Truth in Lending Act from the face of the documents. And that is all that Associates Finance had to go on and all that they need to go on from the face of the document tendered to Associates Finance by Robert Thomas & Associates or Robert Anderson, whichever name they used. It was apparent that the Truth in Lending Act was not involved. The affidavit of the plaintiff tells the court that the business purpose statement is a forgery. That forgery is regrettable sequence in this change [*sic*] of events. But it does not create a duty on Associates which did not exist originally. Associates had no duty and responsibility to the Schecters. The Truth in Lending Act did

not apply. And so, for that reason, counsel's motion to dismiss is granted.

As to the damages, I believe that when the rescission cloud falls clearly, than [*sic*] the damages claim asserted here falls under the statute of limitation contained in 1640. So for those reasons, counsel's motion to dismiss is granted."

Plaintiffs appeal from the trial court's order. They contend that the court erred in holding that the note disclosed a business purpose because there were Truth in Lending Act violations apparent on the face of the document, *i.e.*, that no security interest was disclosed, the disclosure statement did not state the annual percentage rate, and that the loan was for $15,000 and the $1,200 was for a "loan commission." Plaintiffs further allege that no business purpose was apparent on the disclosure statement of the note and that Associates "knew of the fraudulent practices of Robert E. Anderson and Robert Thomas & Associates, Inc., at least by October of 1981," when defendant filed a cause of action in the District Court for the Northern District of Illinois which alleged that Thomas and Anderson were forging and altering documents purportedly signed by debtors of Thomas.

Defendant Associates, on the other hand, contends that (1) Associates was neither responsible for nor had any knowledge of the alleged forgery of plaintiffs' business-purpose affidavit; (2) the loan documents Associates received from Thomas when it purchased plaintiffs' note "displayed" that the Truth in Lending Act did not apply because the alleged violations were not apparent on the face of the disclosure statement from Thomas; and (3) the Truth in Lending Act's statute of limitations bars plaintiffs' claim for damages. For the following reasons, we reverse and remand.

■ Our disposition of this cause is resolved by the rule of law succinctly stated in *Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 958, 347 N.E.2d 378:

> "As a general rule, an assignment is a transfer of some identifiable property, claim or right from the assignor to the assignee. [Citation.] The assignment operates to transfer to the assignee all the right, title or interest of the assignor in the thing assigned. [Citation.] It is an elementary principle of law applicable to all assignments, that they are void unless the assignor has either actually or potentially the thing which he attempts to assign. [Citation.] In any event, the assignee can obtain no greater right or interest than that possessed by the assignor, inasmuch as one cannot convey that which he does not have."

Thus, the issue in this case is really what interest, if any, Thomas, the assignor, conveyed to defendant Associates. As the assignee, Associates is placed "in the shoes of" its assignor; that is, it acquired the same rights as Thomas. (*Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167.) According to plaintiffs, defendant received no interest from Thomas and would be liable because of the alleged Truth in Lending Act violations that were "apparent" on the disclosure statement, *i.e.*, the annual percentage rate was not disclosed; that the loan was for $15,000 and not $16,200, and that no security interest was disclosed. The note was the only document plaintiffs alleged they signed. The note does not refer to any other document.

■ In addition, whether the business purpose "affidavit" was a forgery, as plaintiffs contended, was a question of fact which, if proven, would establish that the loan was not for a business purpose and would not exempt the transaction from the Act. In our opinion, the documents of record and the evidence were far too inconclusive to allow disposition of this case. It was therefore erroneous for the trial court to rule that as to defendant Associates, the Act "was not involved," and to grant Associates' motion to dismiss. See *Ramer v. Storment* (1983), 119 Ill. App. 3d 79, 83, 456 N.E.2d 617, where the court stated that in ruling on a motion to dismiss, if a plaintiff is not entitled to a jury trial, the court may properly decide a question of fact only by resorting either to the record or to a matter so conclusive that a plaintiff cannot deny it.

■ We agree with the trial court's decision, however, and as plaintiffs conceded during oral argument before this court, they are not entitled to damages and attorney fees under the Act. The Act provides, "Any action under this section [1640] may be brought *** within *one year* from the date of the occurrence of the violation." (Emphasis added.) (15 U.S.C.A. sec. 1640(e) (West 1982).) A consumer thus has one year in which to bring an action to recover damages and attorney fees. Failure to bring a claim for damages and fees within this period bars an action under the Act. *Basham v. Finance America Corp.* (7th Cir. 1978), 583 F.2d 918, 927; *First National Bank v. Childs* (1979), 444 U.S. 825, 62 L. Ed. 2d 32, 100 S. Ct. 47; *DeJaynes v. General Finance Corp.* (1979), 439 U.S. 1128, 59 L. Ed. 2d 89, 99 S. Ct. 1046.

According to plaintiffs' complaint, the alleged Truth in Lending Act violations occurred on August 5, 1980, when the credit transaction was consummated and plaintiffs received the balance of the loan and plaintiffs signed the note and security agreement. Plaintiffs' right

to recover damages and attorney fees under the Act thus expired on August 6, 1981. Plaintiffs filed their complaint on July 28, 1983, nearly two years after their cause of action expired. As a result, the statute of limitations bars plaintiffs' requested relief.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with the views expressed herein.

Reversed.

SULLIVAN, P.J., and LORENZ, J., concur.